FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2015 DEC 10 PM 1:25

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) 6:15-CV-2079-ORL-31TBS |
| JOHN DOES 1-20; | ) |
| | ) |
| Defendants. | ) |

## MOTION TO SEAL
## AND MEMORANDUM OF FACT AND LAW IN SUPPORT THEREOF

Pursuant to Local Rule 1.09 at 15 U.S.C. § 1116(d), Plaintiff Delta Air Lines, Inc. ("Delta" or "Plaintiff") by and through its counsel of record files this *Motion to Seal* and shows as follows:

### PROCEDURAL HISTORY

Delta filed the *Complaint* [DE 1] in this matter against pseudonymously-named Defendants John Does 1-20 (collectively, "Defendants") alleging Trademark Infringement and Trademark Counterfeiting pursuant to the Lanham Act. See generally Complaint. Delta elected to file the original *Complaint* against the John Doe Defendants to prevent the actual, identified defendants from learning of this litigation prior to this Court's consideration of Delta's *Motion for Temporary Restraining Order, Preliminary Injunction, Ex Parte Seizure Order, and Expedited Discovery* (the "Seizure Motion").

### I. IDENTIFICATION AND DESCRIPTION OF ITEMS TO BE SEALED

Delta is requesting that the Court seal the following documents, each of which will be submitted to the Clerk (but not filed pursuant to Local Rule 1.09(b)) when this Motion is granted:

### A. First Amended Complaint and Summons.

Delta's First Amended Complaint ("FAC") identifies the seven (7) individual and corporate defendants and details the specific conduct alleged against each Defendant giving rise to the claims therein.

### B. Motion for Temporary Restraining Order, Preliminary Injunction, Ex Parte Seizure Order, and Expedited Discovery and Memorandum of Fact and Law In Support Thereof.

Delta's Seizure Motion further details the specific conduct alleged defendant and includes numerous exhibits containing evidence to be used by the Court in evaluating the motion for extraordinary injunctive relief.

## II. PROPOSED DURATION OF THE SEAL.

Plaintiff's request that the sealing of these items remain in effect only as long as necessary for Plaintiff to serve the Temporary Restraining Order and Seizure Order as requested in the Seizure Motion.

## III. REASON THAT FILING AND SEALING OF EACH ITEM IS NECESSARY.

In cases involving the use of counterfeit marks, the Lanham Act affords plaintiffs with extraordinary relief in the form of an application for an order to permit Plaintiff to seize materials bearing counterfeit marks as well as documents and other records relating to the Defendants' production and use of the counterfeit marks. 15 U.S.C. § 1116(d)(1)(A). One condition for the Court to consider in determining whether to grant such an application is that the "applicant has not publicized the requested seizure." 15 U.S.C. § 1116(d)(4)(B)(ii).

Out of an abundance of caution for the United States Marshals and any other law enforcement personnel who would be called upon to execute the seizure order (as well as Plaintiff's counsel), it is in the Court's interest to take any and all steps to prevent Defendants from learning of the seizure order prior to its service. Sealing the above-listed documents – i.e.,

those that specifically identify the Defendants and the extraordinary relief sought against them – is the only means available to satisfactorily achieve this end.

Respectfully submitted this 10th day of December, 2015.

                                        **JOHN H. RAINS III, P.A.**

                                        _____
                                        John H. Rains, III (FL Bar No. 280283)
                                        501 East Kennedy Boulevard, Suite 750
                                        Tampa, FL 33602

                                        Phone: (813) 221-2777
                                        Fax: (813) 221-3737
                                        Email: jrains@johnrains.com
                                        Email2: ehill@johnrains.com
                                        *Attorneys for Plaintiff Delta Air Lines, Inc.*

*(Pro hac vice applications to be submitted)*

**WELLBORN, WALLACE & WOODARD, LLC**

Paul F. Wellborn III   (GA Bar No. 746720)
Kelly O. Wallace      (GA Bar No. 734166)
Jamie Woodard       (GA Bar No. 775792)

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone: (404) 815-9595
Fax: (404) 815-9957
E-mail: pete@wellbornlaw.com
          kelly@wellbornlaw.com
          jamie@wellbornlaw.com