FILED

2015 DEC 10 PM 1:25

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:15-cv-2079-ORL-31TBS |
| ) | |
| JOHN DOES 1-20; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR INJUNCTION AND DAMAGES

Delta Air Lines, Inc. ("Delta" or "Plaintiff") files this Complaint for Injunction and Damages ("Complaint") against Defendants John Does 1-20 (collectively, "Defendants"), whose intentional trademark counterfeiting, infringement, conspiracy, and other wrongful acts, individually and in combination, have caused and continue to cause substantial and irreparable harm to Delta. Delta shows as follows:

### *Overview of Defendants' Wrongful Acts*

1.

This lawsuit presents a textbook case of intentional trademark infringement by a well-organized and entrenched ring of intellectual property pirates. As part of a fraudulent scheme to sell "vacation packages," Defendants have illegally and in bad faith misappropriated Delta's protected name and marks, specifically the venerable DELTA, WIDGET LOGO, and SKYTEAM names/marks (collectively, the "Delta Marks").

2.

Specifically, Defendants have created, distributed, and are otherwise using and/or profiting from marketing materials that bear the Delta Marks and expressly purport to have been sent by Delta and/or with Delta's approval and authorization. These fraudulent promotional

materials, which falsely appear to have been sent on behalf of Delta, offer a variety of promotional vacation packages for sale by Defendants.

3.

By trading upon the goodwill, fame, and credibility inherent in Delta's name and the DELTA Mark, among others, Defendants attempt to lure responding recipients into purchasing expensive vacation "packages" which, upon information and belief, are essentially worthless.

4.

Every Defendant has both actual and constructive knowledge of the infringing, fraudulent, and illegal nature of the wrongful acts committed and carried out by themselves, by the other Defendants, and by other related third parties.

5.

Delta has not authorized any Defendant to use – in any way – the Delta name or the DELTA Marks. Delta is in no way affiliated with any Defendant. Delta has not agreed to sponsor or participate in any manner in any promotion or giveaway by, through, or in relation to any Defendant.

6.

Defendants' illegal acts have caused and are causing irreparable harm to Delta.

7.

Delta now brings this action to prevent the further misappropriation of its name, marks, and intellectual property by Defendants; to cause Defendants to cease and desist from further defrauding the American public; and to recover damages arising from Defendants' willful and bad-faith actions and other wrongful acts.

### *Jurisdictional Allegations*

8.

Delta is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30320.

9.

Upon information and belief, each of the John Doe Defendants are either: (a) natural persons residing within the State of Florida or (b) organized entities with their principal place of business within the State of Florida.

### *Jurisdiction and Venue*

10.

This Court has subject matter jurisdiction over all claims presented in this Complaint.

11.

Specifically, this Court has subject matter jurisdiction over the Federal claims pursuant to 27 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases); and 15 U.S.C § 1114 *et seq.* (the Lanham Act).

12.

This Court has supplemental jurisdiction over the claims in this Complaint that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts. Jurisdiction over Delta's state law claims also exists pursuant to 28 U.S.C. § 1338(b) (cases involving unfair competition claims).

13.

Personal Jurisdiction and Venue are proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(1), in specific relation to the causes of action set forth herein, one or more Defendants reside in this district.

### *Factual Allegations Common to All Counts*

### *Plaintiff Delta Air Lines, Inc. and its Famous Marks*

14.

Delta is one of the world's largest commercial airlines, generating over 36 billion dollars in annual revenue and offering service to more destinations than any other global airline, with carrier service to roughly 325 destinations in almost 60 countries on six continents. Delta serves more than 160 million customers each year and offers more than 15,000 daily flights worldwide. Through Delta's long and successful efforts, its DELTA Mark and Delta's other registered marks, which are listed below, have earned extensive goodwill, favorable recognition, and a worldwide reputation for high-quality products and services. Delta was named 2014 Airline of the Year by Air Transport World magazine and was named to FORTUNE magazine's 204 list of the 50 Most Admired Companies.

15.

Delta offers and sells its goods and services under and in conjunction with, among others, the following DELTA-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |

16.

Delta offers and sells its goods and services under and in conjunction with, among others, the following WIDGET LOGO-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |

17.

Delta offers and sells its goods and services under and in conjunction with, among others, the following SKYTEAM-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 2750730 | SKYTEAM | August 12, 2003 |
| 2684264 | SKYTEAM & DEVICE | February 4, 2003 |

18.

These registrations, which issued on the Principal Register, are in full force and effect. The majority of these registrations, specifically including the DELTA, WIDGET LOGO, and SKYTEAM Marks, have since acquired "incontestable" registration status.

19.

The DELTA Marks serve as unique and famous source identifiers for Delta and its various goods and services, including air transportation and other travel-related services.

20.

Delta has invested billions of dollars in worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the Delta Marks, both in the United States and worldwide. Delta advertises through a variety of media, including the Internet (on Delta's own web site, as well as the web sites of authorized third-parties), television, radio, newspapers, magazines, and direct mail.

21.

Through Delta's longstanding use and promotional activities related to the Delta Marks, and due to the widespread and favorable public acceptance and recognition of those Marks, the Delta Marks have become a distinctive designation of the source of origin of Delta's goods and services.

22.

The Delta Marks have become uniquely associated with Delta and its high quality goods and services.

23.

The Delta Marks are assets of incalculable value as symbols of Delta, its high-quality goods and services, and its goodwill.

24.

By reason of Delta's extensive promotion and sale of its highly regarded goods and services, the Delta Marks have acquired valuable goodwill, recognition, and renown. The public has come to recognize these Marks as signifying Delta.

25.

By virtue of its extensive use and promotion over the years, the Delta Marks have developed valuable distinctiveness and secondary meaning in the marketplace. These Marks have attained a significant and lasting presence in the marketplace, causing the Marks to achieve high recognition and value among consumers.

26.

Other than Delta and its authorized affiliates, licensees, and partners, no one is permitted to use any of the Delta Marks for commercial gain.

27.

Defendants are not authorized to use any of the Delta Marks.

28.

As is detailed below, Defendants have illegally and in bad faith misappropriated for profit the venerable Delta Marks.

### *Overview of the Defendants' Actions*

29.

Defendants are participants in a fraudulent scheme designed to harm the business reputation of Delta and to diminish the value of the Delta Marks.

30.

Defendants created and are sending advertising materials purporting to be from Delta and prominently featuring the DELTA, WIDGET LOGO, and SKYEAM marks. The advertising materials display the Delta marks in an identical manner as Delta does in its own official marketing pieces.

31.

Defendants have sent these marketing materials to recipients throughout the United States. Delta has received complaints regarding these marketing materials from third parties throughout the United States. When the marketing materials are received by third parties unaffiliated with Delta, it appears as though Delta is offering (or endorsing) the advertised services to consumers.

32.

Delta has no established business relationship with any Defendant.

33.

The use of Delta's name and the Delta Marks on these marketing materials constitutes fraud. The marketing materials are not authorized, endorsed by, or sent with the permission of Delta. Delta has not negotiated or otherwise obtained any such travel packages for its employees with Defendants. Delta has not authorized Defendants to use – in any way – its name or the

DELTA, WIDGET LOGO, or SKYTEAM trademarks. Delta is in no way affiliated with any of the Defendants.

34.

By using Delta's name and the Delta Marks, Defendants are passing themselves off as representatives, agents, and/or partners of Delta. Defendants intentionally create the appearance that Delta has endorsed the Defendants' services.

35.

Defendants' unlawful acts occurred in this judicial district and were directed to cause and have caused injury to Plaintiffs within this judicial district and in commerce.

36.

Consumers who encounter Defendants' unauthorized uses of Delta's Marks in association with Defendants' fraudulent promotions are likely to believe that Defendants and their services are approved by, associated with, or affiliated with Delta when, in fact, that is not the case.

37.

Defendants' conduct, as described above, harms the business reputation of Delta and causes dilution of the distinctive quality of Plaintiff's DELTA, WIDGET LOGO, and SKYTEAM marks, which are famous. Defendants' dilution of the famous DELTA, WIDGET LOGO, and SKYTEAM marks began after such marks became famous.

38.

Defendants have, on information and belief, intentionally and willfully attempted to trade upon the goodwill of Delta and the DELTA, WIDGET LOGO, and SKYTEAM trademarks.

39.

As a result of Defendants' unfair and infringing acts or misappropriations, Delta has been irreparably damaged, and unless Defendants' infringing and fraudulent activities are enjoined,

Delta will continue to suffer irreparable injury and harm to its property and goodwill. Delta cannot ascertain the precise amount of its damages at this time.

## COUNT I
## (FEDERAL TRADEMARK INFRINGEMENT)

40.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 39 hereof as if set forth in full.

41.

Defendants' unauthorized use in commerce of the DELTA, WIDGET LOGO, and SKYTEAM marks within the fraudulent marketing materials is likely to result in confusion, deception, or mistake and therefore constitute an infringement of Delta's registered trademarks pursuant to 15 U.S.C. § 1114.

42.

Defendants have used, and are continuing to use, the DELTA, WIDGET LOGO, and SKYTEAM marks with full knowledge of Plaintiff's prior and extensive rights in the marks and with an intent and purpose to trade upon the goodwill of Plaintiff's DELTA, WIDGET LOGO, and SKYTEAM trademarks. The Defendants' infringement is therefore intentional, willful, and deliberate.

43.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT II
## (FEDERAL TRADEMARK COUNTERFEITING)

44.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 39 hereof as if set forth in full.

45.

Defendants, without authorization from Delta, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Delta Marks.

46.

Defendants had and continue to have the right and ability to supervise the infringing activities and have a direct financial interest in such activities.

47.

Defendants, jointly and severally, are contributorily and vicariously liable for the infringing activities.

48.

Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

49.

Defendants' usage of the Delta Marks is intended to cause, has caused, and is likely to continue to cause confusion or mistake, or to deceive consumers and the public into believing that Defendants' services are genuine, authentic, official, or authorized services provided by Delta.

50.

Defendants have acted with full knowledge of Delta's ownership of the Delta Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Delta Marks.

51.

Defendants' acts constitute trademark counterfeiting in violation of Delta's rights pursuant to 15 U.S.C. §§ 1114, 1116(d), and 1117.

52.

Defendants had and continue to have the right and ability to supervise the infringing activities and have a direct financial interest in such activities.

53.

Defendants, jointly and severally, are contributorily and vicariously liable for the infringing activities.

54.

Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

55.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## **PRAYER FOR RELIEF**

Delta prays for judgment against Defendants, and each of them, jointly and severally, that includes:

(a) A preliminary and permanent injunction enjoining Defendants and any affiliated persons or entities (including their officers, directors, agents, employees, successors, and assigns and all others acting in knowing concert with them) from directly or indirectly:

   a. Using any of the Delta Marks or any confusingly similar mark or designation in connection with the marketing, promotion, and/or sale of travel-related goods or services;

   b. Otherwise infringing upon any other trademark or service mark belonging to Delta;

   c. Engaging in any other or further acts of unfair competition against Delta;

   d. Using any trademark or trade name which will be likely to dilute the distinctive quality of any Delta Marks and/or to tarnish the business reputation of Delta;

   e. Engaging in any deceptive trade practices in the offering of goods or services under or by the use of any Delta Marks and/or any other variation or simulation of Delta's other trademarks and/or service marks; and

   f. Engaging in any deceptive business practice in the offering of goods and/or services under or by the use of the Delta Marks and/or any other variation or simulation of Delta's trademarks;

(b) An order directing Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, letters, postcards, documents, and/or other materials in their possession, custody, or control that display any mark belonging to Delta, along with all means of making or

affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118;

(c) Special and general damages in an amount to be proved at trial, including, but not limited to: (1) all profits received by Defendants from sales and revenues of any kind made as a result of Defendants' infringing and diluting actions and all damages suffered by Delta; or (2) in the alternative, at Delta's election, statutory damages, including, but not limited to, those provided for at 15 U.S.C. § 1117;

(d) The trebling of its damages pursuant to statutory law cited herein;

(e) Punitive and exemplary damages in an amount to be proven at trial;

(f) Reasonable attorney fees herein;

(g) Costs of suit incurred herein;

(h) An order directing Defendants to file with this Court and serve upon Delta within thirty (30) days after the entry of the order a sworn and written statement setting forth the manner, form, and details of Defendants' compliance with the other terms of the Court's order(s) and judgment herein; and

(i) Such other relief as this Court deems just and proper.

This 10th day of December, 2015.

JOHN H. RAINS III, P.A.

John H. Rains, III (FL Bar No. 280283)
501 East Kennedy Boulevard, Suite 750
Tampa, FL 33602

Phone: (813) 221-2777

Fax: (813) 221-3737
Email: jrains@johnrains.com
Email2: ehill@johnrains.com
*Attorneys for Plaintiff Delta Air Lines, Inc.*

*(Pro hac vice applications to be submitted)*

**WELLBORN, WALLACE & WOODARD, LLC**

Paul F. Wellborn III    (GA Bar No. 746720)
Kelly O. Wallace        (GA Bar No. 734166)
Jamie Woodard           (GA Bar No. 775792)

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone: (404) 815-9595
Fax:   (404) 815-9957
E-mail: pete@wellbornlaw.com
        kelly@wellbornlaw.com
        jamie@wellbornlaw.com