UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELTA AIR LINES, INC.,                              )
                                                    )
          Plaintiff,                                )
                                                    )
v.                                                  )       Case No. 6:15-CV-2079-
                                                    )           ORL-31TBS
GONZOLINA SOTOLONGO;                                )
DOUGLAS MARK FLETCHER;                              )
JOSEPH CHIMENTI;                                    )
GERALD DECKER:                                      )
FULL MOON TRAVEL, INC. d/b/a                        )
FIRST TRAVEL SERVICES d/b/a                         )
TOURS R US SPECIAL VACATIONS                        )
d/b/a BOOKITDISCOUNTCLUB.COM;                       )
TWILIGHT TRAVEL, INC.;                              )
DESTINEY MARKETING SERVICES,                        )
INC.; and JOHN DOES 1-10,                           )
                                                    )
          Defendants.                               )

## PLAINTIFF'S EXPEDITED DISCOVERY REQUESTS

Plaintiff Delta Air Lines, Inc. ("Delta" or "Plaintiff"), pursuant to Rules 33 and 34 of the

Federal Rules of Civil Procedure and this Court's December ____. 2015 *Temporary Restraining*

*Order, Seizure Order, Expedited Discovery Order, and Order to Show Cause for Preliminary*

*Injunction* [Docket No. ____ ] (the "Order") of this Court, hereby submits the following

Interrogatories and Requests for Production to be answered in writing under oath within two (2)

days after service of these Interrogatories, as specified in the Order.

## DEFINITIONS

1.       The term "person" means (1) natural persons; (2) entities; (3) corporations; (4)

foundations; (5) partnerships; (6) proprietorships; (7) associations; (8) companies; (9)

organizations; (10) limited liability corporations; (11) limited liability companies; (12) limited

liability partnerships; (13) joint ventures; (14) groups of one or more natural persons; (15) unincorporated enterprises; or (16) other legal entities.

2.     The term "or" means and/or.

3.     The term "Delta" means Plaintiff Delta Air Lines, Inc. and its employees, attorneys, agents, consultants, independent contractors, private investigators, representatives, or any person acting on behalf of Delta Air Lines, Inc.

4.     The term "you" or "your" means the Defendant responding to these discovery requests and includes his/her/its attorneys, agents, consultants, employees, independent contractors, private investigators, representatives, or any person acting on behalf of the responding Defendant.

5.     The term "document" or "documents" means "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence and also means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, electronic mail, E-mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials of any type of personal

telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, price lists, price sheets, quote lists, telephone scripts, instructions, telephone instructions, telephone training materials, policies, procedures, digests, cancelled or un-cancelled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting, or used in the preparation of any documents. The terms "document" and "documents" also mean any and all computer records, data, and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including, without limitation, all back-up copies, undeleted data, and dormant or remnant files.

6.     The term "facts" means all facts, details, or information of any type acquired by you by any means.

7.     The term "communications" means any and all written communications between two or more persons contained in any documents. The term "communications" also means oral communications (including, but not limited to, telephone conversations, personal conferences, and meetings) between two or more persons.

8.     The term "knowledge" means information derived from any source, including hearsay knowledge.

3

9.      The terms "relate to" or "related to" or "relating to" mean having any relationship to or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

10.     The term "identify" or "identify" when used in reference to:

(1)     A person who is an individual, shall mean to state his or her full name; each alias used by the individual; current or last known residence address (designating which); current or lat known employer or business affiliation (designating which); current or last known job title (designating which); employment address, and business and residence telephone numbers;

(2)     a person which is an entity; governmental entity; agency; corporation; foundation; partnership; proprietorship; association; company; organization; limited liability corporation; limited liability company; limed liability partnership, joint venture; group of one or more natural individuals; unincorporated enterprise; department or affiliate of the United States of America or any other governmental entity or other form of legal entity shall mean to state its full name; any names under which it does business; the current or last known address; principal place of business; state of incorporation; current or last known telephone number (designating which); the legal form of such entity or organization; and the identity of its chief executive officer;

(3)     a document shall mean to state the title (if any); the date of the document; the type of document (e.g., book, telegram, chart, letter, report,

4

memorandum, computer printout, newspaper advertisement, invoice, etc.);

the identity of each author, sender, addressee, and recipient or some other

means of identifying it including, but not limited to, the Bates number

associated with the document, its present location and custodian, and to

identify any known copies.

12.     The term "Delta Marks" means all of the word and image marks used and/or

registered to Delta.  This includes, but is not limited to the word marks:

DELTA AIR LINES
DELTA
DELTAMATIC
DELTA CONNECTION
DELTA SHUTTLE
DELTA CENTER
DELTA VACATIONS
DELTA AIRELITE
DELTA CONNECTION
DELTA SKY CLUB
DELTA ASSIST
SKYMILES

It also includes all versions of the "Delta Widget" logo image mark (depicted below), on its own or in connection with any of the above-listed word marks:







13.     "Infringing Materials" means any document, object, paper, postcard, envelope, marketing materials, mailer, or any other thing that includes, contains, depicts, or otherwise displays any word, image, or combination of words and/or images that is identical to or substantially similar to any of the Delta Marks.

## INSTRUCTIONS - INTERROGATORIES

1.     In identifying documents, you are directed to identify all documents available to you, including (by way of illustration), but not limited to, documents in the possession, custody, or control of your consultants, experts, advisors, employees, agents, independent contractors, associates, or present or former attorneys and their consultants or investigators.

2.      As to any portion of any Interrogatory that refers to documents that you are aware of which were at one time within your possession, custody, or control, but which are not now within or subject to your possession, custody, or control, you are directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena *duces tecum* and to give the name, telephone number, and address of the person last known y you to have been in possession, custody, or control of such documents.

3.      As to any portion of any Interrogatory that refers to documents that you are aware of which are not within your possession, identify each person who has possession of the documents sufficient to describe such person and the documents in that person's possession for the purposes of preparing and serving a proper subpoena *duces tecum,* including the name, telephone number, and address of the person who has possession of the documents.

4.      If the attorney-client privilege, work product immunity, or other privilege or doctrine is asserted as to any document, either as to a part of a document or as to a document in its entirety, provide the following:

(a)     The specific ground(s) for not identifying the document in full;

(b)     the bases for any such claim of privilege or immunity;

(c)     the full identity of the information, document, or material for which such privilege or immunity is asserted, including the name and title of any document;

(d)     the name, address, and title of its author;

(e)     each addressee;

(f)     the identity of each person to whom a copy of the document has been sent or received; and

7

(g)     the date(s) appearing on the document.

To the extent the claim of privilege, immunity, or other doctrine is not being asserted as to the entirety of a document, produce in redacted form that portion of the document not covered by such claim.

5.      If any document identified in your response to an Interrogatory has been destroyed, set forth the contents of the document, the date of its destruction, and the name of the person who authorized its destruction.

6.      These Interrogatories are to be regarded as continuing, and you are requested to provide any additional information by way of supplementary responses, most notably that provided under Rule 26(e) of the Federal Rules of Civil Procedure, that may hereafter be obtained by you or any person acting on your behalf, which will augment or otherwise modify your responses.

7.      In these Interrogatories, Delta seeks discovery of your computer data. Accordingly, Delta respectfully demands that you preserve all of your electronic data related to the subject matter of these discovery requests until you and Delta reach a complete agreement and understanding regarding the preservation of electronic data. You are prohibited from initiating or performing any activity which would or might result in the loss of electronic data, e.g., data compression, rotation, destruction, erasure of data – either on-line or off-line, de-fragmenting any hard drives, or purging any directories related to the subject of this litigation. This notice applies to you and your employees', agents', and independent contractors' computers, e.g., servers, personal computers, mini computers, laptop computers, notebook computers, palm computers, personal digital computers, main frames, smart phones, or other equipment. You are also directed to maintain your electronic data storage devices and media,

8

and all activity logs whether made by employees, agents, independent contractors, vendors, or others.

      8.      The singular and plural shall be construed interchangeably herein.

## INSTRUCTIONS – REQUESTS FOR PRODUCTION

      1.      In producing the requested documents, you are directed to furnish all documents available to you, including (by way of illustration), but not limited to, documents in the possession, custody, or control of your consultants, experts, advisors, employees, agents, independent contractors, associates, or present or former attorneys and their consultants or investigators.

      2.      As to any portion of any request that refers to documents that are you are aware of which were at one time in your possession, custody, or control, you are directed to identify such documents in a manner sufficient to describe such documents for the purposes of preparing and serving a proper subpoena *duces tecum* and to give the name, telephone number, and address of the person last known by you to have been in possession, custody, or control of such documents.

      3.      As to any portion of any request that refers to documents that you are aware of which are not within your possession, identify each person who has possession of the documents sufficient to describe such person and the documents in that person's possession for the purpose of preparing and serving a proper subpoena *duces tecum,* including the name, telephone number, and address of the person who has possession of the documents.

      4.      If the attorney-client privilege, work product immunity, or any other privilege or doctrine is asserted as to any document, either as part of a document or as to a document in its entirety, provide the following:

      (a) The specific ground(s) for not identifying the document in full; (b) the bases for any such claim of privilege or immunity; (c) the full identity of the information, document, or

9

material for which such privilege or immunity is asserted; (d) the name, address, and title of its

author; (e) each addressee; (f) the identity of each person to whom a copy of the document has

been sent or received; (g) the date(s) appearing on the document.

To the extent the claim of privilege, immunity, or other doctrine is not being asserted as

to the entirety of the document, produce in redacted form that portion of the document not

covered by such claim.

5.      If any document requested by Delta has been destroyed, set forth the contents of

the document, the date of its destruction, and the name of the person who authorized its

destruction.

6.      These requests for production are to be regarded as continuing, and you are

requested to provide any additional information by way of supplementary responses, most

notably that specified under Rule 26(e) of the Federal Rules of Civil Procedure, that may

hereafter be obtained by you or any person acting on your behalf, which will augment or

otherwise modify your responses.

7.      In these requests for production, Delta seeks discovery of your computer data.

Accordingly, Delta respectfully demands that you preserve all of your electronic data related to

the subject matter of these requests for production until you and Delta reach a complete

agreement and understanding regarding the preservation of electronic data.  You are prohibited

from initiating or performing any activity which would or might result in the loss of electronic

data, e.g., data compression rotation, destruction, erasure of data – either online or off-line, de-

fragmenting any hard drives, or purging any directories related to the subject of this litigation.

This notice applies to you and your employees', agents', and independent contractors'

computers, notebook computers, palm computers, personal digital computers, main frames, or

other equipment.  You are also directed to maintain your electronic data storage devices and media, and all activity logs made by your employees, agents, independent contractors, vendors, or others.

## INTERROGATORIES

1.      Identify each person who provided information in connection with the responses to these Interrogatories.

2.      Identify all individuals, business entities, partnerships, or associations that, on your behalf, produced, transmitted, or otherwise employed any documents or other marketing materials that included any of the Delta Marks or any word, image, or combination of words and/or images that are substantially similar to any of the Delta Marks.

3.      Identify all individuals, business entities, partnerships, or associations owned, managed, operated, or otherwise affiliated with You that are engaged in the creation, production, distribution, or other use of any documents, marketing materials, web sites, e-mail messages, facsimiles, or any other correspondence, communications, or advertisements that include any of the Delta Marks or any word, image, or combination of words and/or images that are substantially similar to any of the Delta Marks.

4.      Identify all Infringing Materials in Your possession, custody, or control.  This includes, but is not limited to, any Infringing Materials in the possession, custody, or control of any business entity, partnership, or association for which you are an owner, manager, partner, or otherwise possess authority over.  Your identification must include, but is not limited to:

    (a)      The description of the Infringing Materials;

    (b)      The location of the Infringing Materials;

    (c)      The owner(s) of the Infringing Materials;

    (d)      The custodian(s) of the Infringing Materials;

11

(e)     The source(s) of the Infringing Materials; and

(f)     The intended use(s) of the Infringing Materials.

### REQUESTS FOR PRODUCTION

1.     Produce all documents used or consulted by you in responding to any Interrogatory posed by Plaintiff.

2.     Produce all purchase orders, receipts, shipping manifests, contracts, reports, or other documents related to the use of any correspondence, facsimiles, or other marketing materials that make use of any of the Delta Marks or any word, image, or combination of words and/or images that are substantially similar to any of the Delta Marks.

3.     Produce all mailing lists or other lists of addresses, telephone numbers, e-mail addresses, or other lists of recipients for any marketing activities engaged in by You during the three (3) year period preceding service of this discovery.

This _10_ day of December, 2015.

JOHN H. RAINS III, P.A.

_____
John H. Rains, III (FL Bar No. 280283)
501 East Kennedy Boulevard, Suite 750
Tampa, FL  33602

Phone:   (813) 221-2777
Fax:      (813) 221-3737
Email:   jrains@johnrains.com
Email2:  ehill@johnrains.com
*Attorneys for Plaintiff Delta Air Lines, Inc.*

*(Pro hac vice applications to be submitted)*

**WELLBORN, WALLACE & WOODARD, LLC**

Paul F. Wellborn III   (GA Bar No. 746720)
Kelly O. Wallace      (GA Bar No. 734166)
Jamie Woodard      (GA Bar No. 775792)

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone:  (404) 815-9595
Fax:     (404) 815-9957
E-mail:  pete@wellbornlaw.com
         kelly@wellbornlaw.com
         jamie@wellbornlaw.com