UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELTA AIR LINES, INC.,                          )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )   Case No. 6:15-2079-OCL-
                                                )              3/TBS
GONZOLINA SOTOLONGO;                            )
DOUGLAS MARK FLETCHER;                          )
JOSEPH CHIMENTI;                                )
GERALD DECKER:                                  )
FULL MOON TRAVEL, INC. d/b/a                    )
FIRST TRAVEL SERVICES d/b/a                     )
TOURS R US SPECIAL VACATIONS                    )
d/b/a BOOKITDISCOUNTCLUB.COM;                   )
TWILIGHT TRAVEL, INC.;                          )
DESTINEY MARKETING SERVICES,                    )
INC.; and JOHN DOES 1-10,                       )
                                                )
        Defendants.                             )

**FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES**

Delta Air Lines, Inc. ("Delta" or "Plaintiff") files this First Amended Complaint for

Injunction and Damages ("Complaint") against Defendants Gonzolina Sotolongo, Douglas Mark

Fletcher, Joseph Chimenti, Gerald Decker, Full Moon Travel, Inc. d/b/a First Travel Services

d/b/a Tours R Us Special Vacations d/b/a BookItDiscountClub.com, Twilight Travel, Inc.,

Destiney Marketing Services, Inc., and John Does 1-10 (individually and collectively,

"Defendants"), whose intentional trademark counterfeiting, infringement, conspiracy, and other

wrongful acts, individually and in combination, have caused and continue to cause substantial

and irreparable harm to Delta.  Delta shows as follows:

### *Overview of Defendants' Wrongful Acts*

1.

This lawsuit presents a textbook case of intentional trademark infringement by a well-organized and entrenched ring of intellectual property pirates. As part of a fraudulent scheme to sell "vacation packages," Defendants have illegally and in bad faith misappropriated Delta's protected name and marks, specifically the venerable DELTA, WIDGET LOGO, and SKYTEAM names/marks (collectively, the "Delta Marks").

2.

Specifically, Defendants have created, distributed, and are otherwise using and/or profiting from marketing facsimiles ("faxes") that bear the Delta Marks and expressly purport to have been sent by Delta and/or with Delta's approval and authorization. These fraudulent promotional faxes, which falsely appear to have been sent on behalf of Delta, offer a variety of promotional vacation packages for sale by Defendants.

3.

By trading upon the goodwill, fame, and credibility inherent in Delta's name and the DELTA Mark, among others, Defendants attempt to lure responding recipients into purchasing expensive vacation "packages" which, upon information and belief, are essentially worthless.

4.

Every Defendant has both actual and constructive knowledge of the infringing, fraudulent, and illegal nature of the wrongful acts committed and carried out by themselves, by the other Defendants, and by other related third parties.

5.

Delta has not authorized any Defendant to use – in any way – the Delta name or the DELTA Marks. Delta is in no way affiliated with any Defendant. Delta has not agreed to

2

sponsor or participate in any manner in any promotion or giveaway by, through, or in relation to any Defendant.

6.

Defendants' illegal acts have caused and are causing irreparable harm to Delta.

7.

Delta now brings this action to prevent the further misappropriation of its name, marks, and intellectual property by Defendants; to cause Defendants to cease and desist from further defrauding the American public; and to recover damages arising from Defendants' willful and bad-faith actions and other wrongful acts.

### *Jurisdictional Allegations*

8.

Delta is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30320.

9.

Defendant Gonzolina Sotolongo ("Sotolongo") is a resident of Orlando, Florida. Sotolongo's principal business address is 14 E. Washington Street, Suite 300A, Orlando, Florida 32801. She may be served there or at her residence in Orlando, Florida.

10.

Defendant Douglas Mark Fletcher ("Fletcher") is a resident of Orlando, Florida. Fletcher's principal business address is 14 E. Washington Street, Suite 300A, Orlando, Florida 32801. He may be served there or at his residence in Orlando, Florida.

11.

Joseph Chimenti ("Chimenti") is a resident of Orlando, Florida. Chimenti's principal business address is 14 E. Washington Street, Suite 300A, Orlando, Florida 32801. He may be served there or at his residence in Orlando, Florida.

3

12.

Gerald Decker ("Decker") is a resident of Orlando, Florida.  Decker's principal business address is 14 E. Washington Street, Suite 300A, Orlando, Florida 32801.  He may be served there or at his residence in Orlando, Florida.

13.

Defendant Full Moon Travel, Inc. ("Full Moon") is a Florida corporation with its principal place of business at 14 E. Washington Street, Suite 300A, Orlando, Florida 32801.  Full Moon may be served at the office of its registered agent – Ricardo Calzada, 419 Magnolia Avenue, Orlando, Florida 32801 – or upon one of its officers or managers at its principal office location.

14.

Full Moon also does business under the names, "First Travel Services," "Tours R Us Special Vacations," and via the website located at www.bookitdiscountclub.com.

15.

Defendant Twilight Travel, Inc. ("Twilight") is a Florida corporation with its principal place of business in Orlando, Florida.  Twilight may be served by personal service on its officer, Douglas Fletcher, wherever he may be found, or via service on its registered agent, Joseph Chimeni, wherever he may be found.

16.

Defendant Destiney Marketing Services, Inc. ("Destiney") is a Florida corporation with its principal place of business at 14 E. Washington Street, Suite 300A, Orlando, Florida 32801.  Destiney may be served at the office of its registered agent – Ricardo Calzada, 419 Magnolia Avenue, Orlando, Florida 32801 – or upon one of its officers or managers at its principal office location.

4

17.

Due to the above-named Defendants' intentional dissembling and obfuscation, there are likely to be numerous persons and entities that are material participants in the travel sales scheme that Delta has been unable to positively identify as of the date of the filing of this Complaint.

18.

The remaining John Doe defendants are the as-yet unknown principals, agents, associates, partners, alter-egos, clients, and/or contractors of the Defendants identified herein.

### *Jurisdiction & Venue*

19.

This Court has subject matter jurisdiction over all claims presented in this Complaint.

20.

Specifically, this Court has subject matter jurisdiction over the Federal claims pursuant to 27 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases); and 15 U.S.C. § 1114 *et seq.* (the Lanham Act).

21.

This Court has supplemental jurisdiction over the claims in this Complaint that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts. Jurisdiction over Delta's state law claims also exists pursuant to 28 U.S.C. § 1338(b) (cases involving unfair competition claims).

22.

Personal Jurisdiction and Venue are proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(1), in specific relation to the causes of action set forth herein, one or more Defendants reside in this district.

### *Factual Allegations Common to All Counts*

5

*Plaintiff Delta Air Lines, Inc. and its Famous Marks*

23.

Delta is one of the world's largest commercial airlines, generating over 36 billion dollars in annual revenue and offering service to more destinations than any other global airline, with carrier service to roughly 325 destinations in almost 60 countries on six continents. Delta serves more than 160 million customers each year and offers more than 15,000 daily flights worldwide. Through Delta's long and successful efforts, its DELTA Mark and Delta's other registered marks, which are listed below, have earned extensive goodwill, favorable recognition, and a worldwide reputation for high-quality products and services. Delta was named 2014 Airline of the Year by Air Transport World magazine and was named to FORTUNE magazine's 204 list of the 50 Most Admired Companies.

24.

Delta offers and sells its goods and services under and in conjunction with, among others, the following DELTA-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|----------|------|-------------------|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |

25.

Delta offers and sells its goods and services under and in conjunction with, among others, the following WIDGET LOGO-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|----------|------|-------------------|
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |

26.

Delta offers and sells its goods and services under and in conjunction with, among others, the following SKYTEAM-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|----------|------|-------------------|
| 2750730 | SKYTEAM | August 12, 2003 |
| 2684264 | SKYTEAM & DEVICE | February 4, 2003 |

27.

These registrations, which issued on the Principal Register, are in full force and effect. The majority of these registrations, specifically including the DELTA, WIDGET LOGO, and SKYTEAM Marks, have since acquired "incontestable" registration status.

28.

The DELTA Marks serve as unique and famous source identifiers for Delta and its various goods and services, including air transportation and other travel-related services.

29.

Delta has invested billions of dollars in worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the Delta Marks, both in the United States and worldwide. Delta advertises through a variety of media, including the Internet (on Delta's own web site, as well as the web sites of authorized third-parties), television, radio, newspapers, magazines, and direct mail.

7

30.

Through Delta's longstanding use and promotional activities related to the Delta Marks, and due to the widespread and favorable public acceptance and recognition of those Marks, the Delta Marks have become a distinctive designation of the source of origin of Delta's goods and services.

31.

The Delta Marks have become uniquely associated with Delta and its high quality goods and services.

32.

The Delta Marks are assets of incalculable value as symbols of Delta, its high-quality goods and services, and its goodwill.

33.

By reason of Delta's extensive promotion and sale of its highly regarded goods and services, the Delta Marks have acquired valuable goodwill, recognition, and renown. The public has come to recognize these Marks as signifying Delta.

34.

By virtue of its extensive use and promotion over the years, the Delta Marks have developed valuable distinctiveness and secondary meaning in the marketplace. These Marks have attained a significant and lasting presence in the marketplace, causing the Marks to achieve high recognition and value among consumers.

35.

Other than Delta and its authorized affiliates, licensees, and partners, no one is permitted to use any of the Delta Marks for commercial gain.

36.

Defendants are not authorized to use any of the Delta Marks.

37.

As is detailed below, Defendants have illegally and in bad faith misappropriated for profit the venerable Delta Marks.

### *Relationships Between the Defendants*

38.

The Defendants' scheme involves a sophisticated web of participants and roles.

39.

The Defendants use corporate entity defendants interchangeably and, upon information and belief, to obfuscate and otherwise confuse the nature and identity of the persons and/or entities responsible for the conduct complained of herein.

40.

The Defendant entities are inter-related alter-egos and co-conspirators of one another and of each of the natural person Defendants in this action.

### *Overview of the "H.R. Fax Scam"*

41.

Defendants are participants in a fraudulent scheme designed to harm the business reputation of Delta and to diminish the value of the Delta Marks.

42.

Defendants created and are sending facsimile transmissions purporting to be from "H.R." and "Delta Sky Team." The facsimiles prominently display the DELTA, WIDGET LOGO, and SKYTEAM marks on the top of the facsimile. *See Exhibit A, Declaration of Edward Alan Arnold ("Arnold Dec.") at ¶¶ 21-22 and Exhibits A-4 and A-5 thereto.* The facsimile transmissions display the Delta Marks in an identical manner as Delta does on its website (see Exhibit A, Arnold Dec at ¶¶ 13-17 and Exhibits A-1 through A-3 thereto) and other official marketing pieces.

9

43.

As is apparent from these exhibits, the facsimile transmissions appear to be from (or authorized by) Delta due to the Defendants' unauthorized, counterfeit, and infringing use of the DELTA, WIDGET LOGO, and SKYTEAM marks.

44.

The facsimile is directed to "All Employees" and purports to advertise "vacation packages" to Cancun, Puerto Vallarta, Jamaica, or Hawaii.  The facsimile also states that the "First 500 Receive Up to 60% off Flight."  The recipient is directed to call "Booking and Reservations" at (877) 493-8854 and to use the reservation code "STAYWARM".

45.

Defendants send these facsimiles to recipients throughout the United States.  Delta has received complaints regarding this facsimile from third parties throughout the United States.  When the facsimile is received by third parties unaffiliated with Delta, it appears as though Delta is offering (or endorsing) the advertised vacation packages to consumers.

46.

Defendants have also sent these facsimiles directly to Delta's corporate employees.  When this facsimile is received by Delta employees, it appears as though Delta has sponsored or otherwise endorsed these "vacation packages" for its own employees.

47.

Delta has no established business relationship with any Defendant.

48.

The use of Delta's name and the Delta Marks on these facsimiles constitutes fraud.  The facsimiles are not authorized, endorsed by, or sent with the permission of Delta or the "Delta Sky Team."  Delta does not offer the advertised vacation packages to its employees or to any third-party consumers.  Delta has not negotiated or otherwise obtained any such travel packages for its

10

employees with Defendants.  Delta has not authorized Defendants to use – in any way – its name or the DELTA, WIDGET LOGO, or SKYTEAM trademarks.  Delta is in no way affiliated with any of the Defendants.  Delta has not agreed to promote and/or sponsor any such vacation packages through Defendants.

49.

Further perpetuating their scheme to trade on the name and reputation of Delta, when the phone number for "Booking and Reservations" is called, the representative of Defendants states that they have a contractual relationship with Delta that permits them to provide airfare at a price that is supposedly 60% lower than Delta's published fares. *See Declaration of Tim Huhn ("Huhn Dec.") at Exhibit B at ¶ 7.*

50.

Defendants and their agents use this fictitious relationship with Delta, as well as Delta's name and reputation, in both the facsimile transmissions and their telephone "sales pitch" in order to induce potential consumers to purchase vacation packages.

51.

By using Delta's name and the Delta Marks, Defendants are passing themselves off as representatives, agents, and/or partners of Delta.  Defendants intentionally create the appearance that Delta has endorsed the promotional vacation packages and has negotiated discounted tickets and airfares for travel to the advertised locations.

52.

Defendants' unlawful acts occurred in this judicial district and were directed to cause and have caused injury to Plaintiffs within this judicial district and in commerce.

11

53.

Consumers who encounter Defendants' unauthorized uses of Delta's Marks in association with Defendants' fraudulent promotions are likely to believe that Defendants and their services are approved by, associated with, or affiliated with Delta when, in fact, that is not the case.

54.

Defendants' conduct, as described above, harms the business reputation of Delta and causes dilution of the distinctive quality of Plaintiff's DELTA, WIDGET LOGO, and SKYTEAM marks, which are famous. Defendants' dilution of the famous DELTA, WIDGET LOGO, and SKYTEAM marks began after such marks became famous.

55.

Defendants have, on information and belief, intentionally and willfully attempted to trade upon the goodwill of Delta and the DELTA, WIDGET LOGO, and SKYTEAM trademarks.

56.

As a result of Defendants' unfair and infringing acts or misappropriations, Delta has been irreparably damaged, and unless Defendants' infringing and fraudulent activities are enjoined, Delta will continue to suffer irreparable injury and harm to its property and goodwill. Delta cannot ascertain the precise amount of its damages at this time.

## COUNT I
## (FEDERAL TRADEMARK INFRINGEMENT)

57.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

58.

Defendants' unauthorized use in commerce of the DELTA, WIDGET LOGO, and SKYTEAM marks within the fraudulent facsimile transmissions is likely to result in confusion,

12

deception, or mistake and therefore constitute an infringement of Delta's registered trademarks pursuant to 15 U.S.C. § 1114.

### 59.

Defendants have used, and are continuing to use, the DELTA, WIDGET LOGO, and SKYTEAM marks with full knowledge of Plaintiff's prior and extensive rights in the marks and with an intent and purpose to trade upon the goodwill of Plaintiff's DELTA, WIDGET LOGO, and SKYTEAM trademarks. The Defendants' infringement is therefore intentional, willful, and deliberate.

### 60.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT II
## (FEDERAL TRADEMARK COUNTERFEITING)

### 61.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

### 62.

Defendants, without authorization from Delta, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Delta Marks.

### 63.

Defendants had and continue to have the right and ability to supervise the infringing activities and have a direct financial interest in such activities.

13

64.

Defendants, jointly and severally, are contributorily and vicariously liable for the infringing activities.

65.

Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

66.

Defendants' usage of the Delta Marks is intended to cause, has caused, and is likely to continue to cause confusion or mistake, or to deceive consumers and the public into believing that Defendants' services are genuine, authentic, official, or authorized services provided by Delta.

67.

Defendants have acted with full knowledge of Delta's ownership of the Delta Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Delta Marks.

68.

Defendants' acts constitute trademark counterfeiting in violation of Delta's rights pursuant to 15 U.S.C. §§ 1114, 1116(d), and 1117.

69.

Defendants had and continue to have the right and ability to supervise the infringing activities and have a direct financial interest in such activities.

70.

Defendants, jointly and severally, are contributorily and vicariously liable for the infringing activities.

14

71.

Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

72.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT III
## (FEDERAL UNFAIR COMPETITION)

73.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

74.

Defendants have and are engaged in acts of unfair competition through the use of false designations of origin and false advertising in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

75.

Defendants have used and are using without authorization the Delta Marks.

76.

Defendants have made and are making false express and implied representations that their products and services originate with, are associated with, and/or are endorsed or allowed by Delta in such a manner as to create a likelihood of confusion among consumers, thereby inducing the belief that, contrary to fact, Defendants' products and services are sponsored by, approved by, or otherwise endorsed by Delta.

15

77.

Defendants' unauthorized use in commerce of the Delta Marks constitutes a false designation of origin and false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendants and/or their products and services are offered by Delta, or are otherwise affiliated, connected, or associated with, or sponsored or approved by Delta.

78.

Defendants' unauthorized use in commerce of the Delta Marks in connection with Defendants' marketing, distribution, promotion, and sale to the consuming public of services and goods (specifically travel-related goods and services) constitutes a misappropriation of the distinguishing and identifying features that Delta created through substantial effort and expense.

79.

Defendants' actions constitute violations of 15 U.S.C. § 1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services and products that Defendants cause to enter into or to affect interstate commerce.

80.

Defendants have used and are continuing to use the Delta Marks with full knowledge of Delta's extensive and longstanding rights in those Marks and therefore with an intent and bad faith purpose to trade upon the goodwill of those Marks.

81.

Defendants' infringement is willful and deliberate.

82.

Defendants' unauthorized use in commerce of the Delta Marks constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16

83.

Defendants' acts have irreparably damaged, impaired, and diluted Delta's goodwill and good name.  Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

### COUNT IV
### (DILUTION OF A FAMOUS MARK)

84.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

85.

Defendants have and are engaged in acts constituting dilution in violation of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

86.

Defendants have made commercial use of the Delta Marks with the willful intent to trade on Delta's reputation and to cause dilution of those famous Marks.

87.

Defendants' use of the Delta Marks began long after those marks and names had become well-known and famous.

88.

Defendants' use of the Delta Marks causes dilution of their distinctive quality.

89.

Defendants' use of the Delta Marks lessens their capacity to identify and distinguish Delta's goods, services, and customers.

17

90.

Defendants have used the Delta Marks with full knowledge of Delta's long prior rights in those Marks and the fame of those Marks.

91.

Defendants' use of the Delta Marks represents a deliberate intent and bad-faith purpose to trade upon the goodwill of those Marks and/or to dilute the distinctive quality of those Marks, to blur and diminish the distinctive qualities of those Marks, and/or to lessen those Marks' capacity to identify and distinguish the goods and services of Delta.

92.

Defendants' activities complained of herein constitute dilution within the meaning of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

93.

Defendants' acts have irreparably damaged, impaired, and diluted Delta's goodwill and good name. Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT V
## (TARNISHMENT OF A FAMOUS MARK)

94.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

95.

Defendants' use of the Delta Marks creates an undesirable, unwholesome, and unsavory association with Delta and its reputation.

18

96.

Defendants' use of the Delta Marks is grossly inconsistent with the image and goodwill cultivated by Delta through and in relation to the use of the Delta Marks.

97.

Defendants' activities complained of herein constitute tarnishment, a special form of dilution within the meaning of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

98.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT VI
## (CONTRIBUTORY TRADEMARK INFRINGEMENT)

99.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

100.

Delta has alleged and shown herein direct trademark infringement by Defendants. In addition to such direct infringement by any particular Defendant, every other Defendant is likewise culpable and liable to Delta for contributory trademark infringement.

101.

In relation to the direct infringement and other related violations by each particular Defendant, every other Defendant has willfully, knowingly, intentionally, and in bad faith participated in, aided, abetted, enabled, encouraged, ratified, profited from, induced, known of, conspired to carry out, and otherwise contributed to said direct infringement.

102.

Defendants' activities complained of herein constitute contributory infringement pursuant to 15 U.S.C. § 1114 *et seq.*

103.

As a result of Defendants' contributory infringement, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT VII
## (FLORIDA COMMON LAW TRADEMARK INFRINGEMENT)

104.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

105.

Defendants' unauthorized use in commerce of the DELTA, WIDGET LOGO, and SKYTEAM marks is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of the Delta Marks pursuant to the Florida state common law.

106.

Defendants have used, and are continuing to use, the DELTA, WIDGET LOGO, and SKYTEAM marks with full knowledge of Plaintiff's extensive rights in those Marks, and such continuing use is therefore with an intent and purpose to trade upon the goodwill of the Delta Marks. Defendants' infringement is therefore willful, intentional, and deliberate.

## COUNT VIII
## (FLORIDA COMMON LAW TRADEMARK DILUTION)

107.

Delta realleges and incorporates herein by reference the allegations contained in

paragraphs 1 through 56 hereof as if set forth in full.

108.

Defendants' use of the DELTA, WIDGET LOGO, and SKYTEAM trademarks in

connection with the sale of Defendants' products and/or services, over the quality of which Delta

can exercise no control, creates a likelihood of injury to Delta's business reputation and of

dilution of the distinctive quality of the Delta Marks in violation of Florida state common law.

109.

Defendants' acts alleged herein have caused, and unless restrained and enjoined by this

Court, will continue to cause irreparable injury to Delta, for which Delta is without an adequate

remedy at law.

## COUNT IX
## (FLORIDA COMMON LAW UNFAIR COMPETITION)

110.

Delta realleges and incorporates herein by reference the allegations contained in

paragraphs 1 through 56 hereof as if set forth in full.

111.

As a result of their actions as described above, Defendants have misappropriated valuable

property rights belonging to Delta, are seeking to trade on the goodwill symbolized by the

distinctive DELTA, WIDGET LOGO, and SKYTEAM marks, and are thereby likely to confuse

and deceive members of the purchasing public regarding the origin, sponsorship, or approval of

Defendants' goods and services and related commercial activities in violation of Florida state

common law regarding unfair competition.

21

112.

Defendants' acts alleged herein have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable injury to Delta, for which Delta is without an adequate remedy at law.

## COUNT X
## (DECEPTIVE TRADE PRACTICES UNDER FLORIDA LAW)

113.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

114.

Defendants have and are engaged in fraudulent acts or practices in violation of the prohibition against unfair competition and deceptive trade practices found at Fla. Stat. Ann. § 501.204 et seq.

115.

Defendants have used and are using the DELTA, WIDGET LOGO, and SKYTEAM marks in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of Defendants' fraudulent campaign and activities as described above.

116.

Defendants' use of the DELTA, WIDGET LOGO, and SKYTEAM marks creates the unreasonable risk that recipients of Defendants' facsimiles and other members of the general public may conclude that there exists some affiliation, connection, or association between and among Delta, the Defendants, and the Defendants' massive campaign of fraud.

117.

Defendants' acts have damaged, impaired, and diluted that part of Delta's goodwill and good name symbolized by the DELTA, WIDGET LOGO, and SKYTEAM marks. The nature,

22

probable tendency, intent, and effect of Defendants' use of the Delta Marks is to enable

Defendants to deceive the public.

### 118.

Defendants had actual knowledge of Delta's rights at the time they decided to use the

Delta Marks in connection with Defendants' fraudulent facsimile campaign.  Thus, Defendants

willfully and deliberately infringed upon Delta's rights.

### 119.

Defendants' unfair business practices are of a recurring nature and are harmful to

consumers and the public at large, as well as to Delta.  These practices constitute unlawful,

unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading

advertising.

### 120.

Defendants' use of the Delta Marks constitutes unfair competition as prohibited by Fla.

Stat. Ann. § 501.204 *et seq.*

### 121.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur

irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless

enjoined by this Court, Defendants will continue these acts, thereby causing Delta further

immediate and irreparable damage.

### COUNT XI
### (FEDERAL CIVIL RICO VIOLATIONS)

### 122.

Delta realleges and incorporates herein by reference the allegations contained in

paragraphs 1 through 56 hereof as if set forth in full.

123.

18 U.S.C. § 1964 creates a private cause of action for persons and entities injured by

violations of 18 U.S.C. § 1962 (the federal Racketeer Influenced & Corrupt Organizations Act).

124.

Defendants' illegal and infringing campaign detailed above, including the underlying

trafficking in goods and services bearing a counterfeit of a registered trademark and wire fraud,

constitutes "racketeering activity" as that term is defined in 18 U.S.C. § 1961.

125.

Defendants' theft, scams, and schemes detailed above constitute a pattern of racketeering

activity as required by 18 U.S.C. § 1961.

126.

In violation of 18 U.S.C. § 1962(a), Defendants have, through the pattern of racketeering

activity described above and through the income derived therefrom, used and/or invested such

income and its proceeds to acquire, establish, and operate an enterprise engaged in and affecting

interstate and foreign commerce.

127.

In violation of 18 U.S.C. § 1962(b), Defendants have, through the pattern of racketeering

activity described above and through the proceeds derived therefrom, acquired and/or

maintained, directly or indirectly, an interest in and/or control of an enterprise engaged in and

affecting interstate and foreign commerce.

128.

In violation of 18 U.S.C. § 1962(c), Defendants have, through a pattern of racketeering

activity, conducted and participated in, directly or indirectly, an enterprise engaged in and

affecting interstate and foreign commerce.

129.

In violation of 18 U.S.C. § 1962(d), Defendants have conspired and/or endeavored to violate the provisions of 18 U.S.C. §§ 1962(a), (b), and (c).

130.

Pursuant to 18 U.S.C. § 1964, Defendants are liable to Delta for three times Delta's actual damages, punitive damages, attorney fees, investigative costs, and all other costs associated with or necessitated by the present litigation.

131.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

132.

Pursuant to 18 U.S.C. § 1964, Delta is entitled to a preliminary injunction and a permanent injunction directing Defendants to cease and desist from the above-described conduct.

## COUNT XII
## (UNJUST ENRICHMENT)

133.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

134.

Defendants have and are engaged in acts of unjust enrichment, entitling Delta to quasi-contractual relief under the laws of the State of Florida.

135.

Defendants have derived economic benefit from their unauthorized use of the Delta Marks.

136.

Defendants have paid no compensation to Delta for Defendants' illegal and unauthorized use of the Delta Marks.

137.

As a result of their conduct, Defendants have been unjustly enriched.

138.

As a result of Defendants' acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT XIII
## (PUNITIVE DAMAGES)

139.

Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 56 hereof as if set forth in full.

140.

In relation to their wrongful acts described above and to each and every count set forth above, Defendants have acted with willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises a presumption of conscious indifference to the consequences of their actions.

141.

Defendants knew that their intentional wrongful acts would cause substantial harm to Delta.  Defendants intended the consequences of their actions.  The express goal of Defendants' wrongful acts was financial gain for Defendants' benefit and at Delta's harm and expense.

26

142.

Given the egregious and intentional nature of Defendants' conduct, Delta is entitled to an award of punitive damages pursuant to Fla. Stat. Ann. § 768.72(2) to punish and penalize these Defendants, to deter these Defendants from similar future misconduct, and to deter other persons and entities similarly situated to Defendants from engaging in future misconduct like that of Defendants.

## PRAYER FOR RELIEF

Delta prays for judgment against Defendants, and each of them, jointly and severally, that includes:

(a)   A preliminary and permanent injunction enjoining Defendants and any affiliated persons or entities (including their officers, directors, agents, employees, successors, and assigns and all others acting in knowing concert with them) from directly or indirectly:

(1) Using any of the Delta Marks or any confusingly similar mark or designation in connection with the marketing, promotion, and/or sale of travel-related goods or services;

(2) Otherwise infringing upon any other trademark or service mark belonging to Delta;

(3) Engaging in any other or further acts of unfair competition against Delta;

(4) Using any trademark or trade name which will be likely to dilute the distinctive quality of any Delta Marks and/or to tarnish the business reputation of Delta;

(5) Engaging in any deceptive trade practices in the offering of goods or services under or by the use of any Delta Marks and/or any other variation or simulation of Delta's other trademarks and/or service marks; and

(6) Engaging in any deceptive business practice in the offering of goods and/or services under or by the use of the Delta Marks and/or any other variation or simulation of Delta's trademarks;

(b)   An order directing Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, letters, postcards, documents, and/or other materials in their possession, custody, or control that display any mark belonging to Delta, along with all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118;

(c)   Special and general damages in an amount to be proved at trial, including, but not limited to: (1) all profits received by Defendants from sales and revenues of any kind made as a result of Defendants' infringing and diluting actions and all damages suffered by Delta; or (2) in the alternative, at Delta's election, statutory damages, including, but not limited to, those provided for at 15 U.S.C. § 1117;

(d)   The trebling of its damages pursuant to statutory law cited herein;

(e)   Punitive and exemplary damages in an amount to be proven at trial;

(f)   Reasonable attorney fees herein;

(g)   Costs of suit incurred herein;

(h)   An order directing Defendants to file with this Court and serve upon Delta within thirty (30) days after the entry of the order a sworn and written statement setting forth the manner, form, and details of Defendants' compliance with the other terms of the Court's order(s) and judgment herein; and

(i)   Such other relief as this Court deems just and proper.

This _____ day of December, 2015.

JOHN H. RAINS III, P.A.

John H. Rains, III (FL Bar No. 280283)
501 East Kennedy Boulevard, Suite 750
Tampa, FL 33602

Phone:   (813) 221-2777
Fax:       (813) 221-3737
Email:   jrains@johnrains.com
Email2:  ehill@johnrains.com
*Attorneys for Plaintiff Delta Air Lines, Inc.*

*(Pro hac vice applications to be submitted)*

**WELLBORN, WALLACE & WOODARD, LLC**

Paul F. Wellborn III   (GA Bar No. 746720)
Kelly O. Wallace       (GA Bar No. 734166)
Jamie Woodard         (GA Bar No. 775792)

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone:   (404) 815-9595
Fax:       (404) 815-9957
E-mail:  pete@wellbornlaw.com
           kelly@wellbornlaw.com
           jamie@wellbornlaw.com